UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PROGRESSIVE SECURITY           CIVIL ACTION NO. 08-cv-1594
INSURANCE CO., ET AL

VERSUS                         JUDGE HICKS

MONACO COACH CORP., ET AL      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Progressive Security Insurance Company, and its insured, Scott Jones, filed this action against Monaco Coach Corporation and Buddy Gregg Motor Homes, Inc. for more than $400,000 in damages allegedly caused when a Monaco motor home owned by Mr. Jones burned because of alleged defects and faulty repairs. Plaintiffs, who bear the burden of establishing a basis for the exercise of subject-matter jurisdiction, allege that the court has diversity jurisdiction. The court has an obligation to ensure a basis for jurisdiction, even when the parties have not challenged it. A review of the complaint shows that Plaintiffs have not properly alleged the citizenship of the parties, and an amended complaint should be filed by **January 20, 2009** to address the deficiencies described below. One defendant has filed an answer, so a motion for leave to amend will be necessary, and it must include the certificate regarding consent required by Local Rule 7.6W.

Progressive describes itself as "a corporation organized under the laws of the State of Louisiana and doing business in the State of Louisiana." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal

place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation"). Progressive's assertion that it is "doing business" in this state is not adequate. A corporation may do business in many, even every, state, but it has its principal place of business in only one state. The rules for determining a corporation's principal place of business can be found in cases such as Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873 (5th Cir. 2004).

Scott Jones alleges in the opening paragraph of the complaint that he is a "resident of Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may have residences in several states, but he has only one domicile

at any given time, and it is domicile that is important for the purposes of determining citizenship.

Plaintiffs allege that Monaco Coach Corporation is "a corporation organized under the laws of the State of Indiana, which is not licensed to do business in the State of Louisiana." The allegation is satisfactory with respect to Monaco's state of incorporation, but there is no allegation of Monaco's principal place of business. The mere implication that the principal place of business in a state other than Louisiana, by alleging that Monaco is not licensed in Louisiana, is insufficient. A specific allegation of the principal place of business is required, and a corporation may have its principal place of business in a state even if there is no evidence the corporation is qualified to do business in that state. See e.g. Village Fair Shopping Center, Co. v. Sam Broadhead Trust, 588 F.2d 431 (5th Cir. 1979). Also, the mere fact that a corporation is licensed or authorized to do business in a state does not equate to citizenship in that state. See Nadler v. American Motors Sales Corp., 764 F.2d 409, 413 (5th Cir. 1985); American Nat. Fire Ins. Co. v. Mirasco, Inc., 2000 WL 1368009, *4 (S.D. N.Y. 2000); and Austin v. Robinson Property Group, Ltd. Partnership, 1998 WL 34024158, *1 (N.D. Miss. 1998).

Plaintiffs allege that Buddy Gregg Motor Homes, Inc. is a "corporation organized under the laws of the State of Texas, which is not licensed to do business in the State of Louisiana." Buddy Gregg has filed an answer and denied this allegation for lack of sufficient information to justify a belief therein, thus shedding no light on its own citizenship. As

discussed with respect to Monaco, Plaintiffs must allege not only Buddy Gregg's state of incorporation but also the state of its principal place of business.

If Plaintiffs do not possess the information needed to make the allegations of citizenship, they should seek information from the defendants, who are encouraged to voluntarily provide such information. Most parties do so rather than be subjected to discovery on the issue, which Plaintiffs are granted leave to conduct if the defendants do not cooperate.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of December, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE