UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PROGRESSIVE SECURITY INSURANCE COMPANY, AS SUBROGE OF SCOTT JONES, AND SCOTT JONES | CIVIL ACTION NO. 08-1594 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MONACO COACH CORPORATION AND BUDDY GREGG MOTOR HOMES, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a "Motion to Exclude Proposed Testimony of Jeffrey T. Morrill" (Record Document 40) filed by Plaintiffs Progressive Security Ins. Co., as Subroge of Scott Jones, and Scott Jones ("Progressive"). In its motion, Progressive seeks to exclude the testimony of Defendants Monaco Coach Corp. and Buddy Gregg Motor Homes, Inc.'s ("Monaco") expert, Jeffery T. Morrill ("Morrill"), on the grounds that his opinions "do not meet the requirements for admissibility under Federal Rule of Evidence 702 and Daubert . . . because (I) [sic] they are not based upon 'scientific, technical or other specialized knowledge which was assist the trier of fact to understand the evidence or to determine the fact in issue,' and (ii) they are not based upon 'sufficient facts or data and the product of reliable principles and methods which he has applied reliably to the facts of the case' as required by law." (Record Document 40-1 at 10). Further, the Plaintiffs contend that Morrill attempted to expand upon his report in his deposition. Id. Monaco opposes the motion. See Record Document 44.

The admissibility of Morrill's expert testimony is governed by Federal Rule of

Evidence 702[1] and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993). The function of this Court under Rule 702 and Daubert, and its progeny, is to serve as a gatekeeper and to ensure that any and all scientific testimony is not only relevant, but reliable. See Daubert, 509 U.S. 579, 113 S.Ct. 2786. Again, this gatekeeping function applies to not only scientific expert testimony, but rather all expert testimony. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174 (U.S. 1999). Under Rule 702, the Court is concerned with three main requirements: (1) qualifications; (2) reliability; and (3) relevance. As to qualifications, the Court has reviewed the parties' briefs, Morrill's deposition, and Morrill's Vehicle Fire Inspection Report and finds that Morrill is qualified to testify in the field of fire cause and origin. See Verzwyvelt v. St. Paul Fire & Marine Ins. Co., 175 F.Supp.2d 881, 887 (W.D. La. 2001) & Wilson v. Woods, 163 F.3d. 935, 937 (5th Cir. 1999). The record reflects that Morrill has had extensive training in arson and fire investigation and has completed some thirty seven credit hours in Mechanical Engineering. See Record Document 40-4 at 1. Further, Morrill's curriculum vitae represents, and this Court has no reason to question, that since 1991 he has investigated over 2000 fires. See id.

---

[1]F.R.E. 702 states:

If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In determining reliability, this Court is charged with examining the process or technique used by Morrill in formulating his opinion and determining whether that process or technique is reliable.[2] Much of Progressive's focus on the reliability prong seems to revolve around Morrill's expert report and his deposition testimony as well as arguing that Morrill's opinions are not supported by data nor scientific methodology. (Record Document 40-1 at 5-7). During Morrill's deposition he stated that his report and conclusions were based on an adherence to "the scientific method as laid out in NFPA 921." (Morrill Deposition at 25). There appears to be no dispute that the National Fire Protection Association's ("NFPA") NFPA 921 "Guide for Fire and Explosion Investigation" is the recognized standard in fire investigation[3]; thus, Morrill's use and dependence on the NAFP 921 methodology meets the necessary reliability factor. See Daubert, 509 U.S. at 593-594, 113 S.Ct. at 2797 (citing whether the theory has been subjected to peer review and publication and the degree to which the technique or theory has been generally accepted in the scientific community as factors relevant to the determination of reliability). Morrill's expert report on the origin and cause of this fire is based on the accepted methodology for fire investigations as established by NFPA 921. Therefore, Morrill's opinions as stated in his report satisfy the reliability requirement of Federal Rule of Evidence 702 and Daubert.

As to relevance, the Court finds that Morrill's testimony is sufficiently tied to the facts of this case and that it will aid the jury in understanding and resolving the factual disputes

---

[2]The Court notes that Morrill's expert report reflects that he inspected the remains of the motor home. See Record Document 40-3.

[3]See Butcher v. Allstate Ins. Co., 2009 WL 301822, *3 (S.D. Miss. 2009) and Fireman's Fund Ins. Co. v. Canon U.S.A., Inc., 394 F.3d 1054, 1057-58 (8th Cir. 2005).

in this case. See Daubert, 509 U.S. at 591, 113 S.Ct. at 2796 (1993).

Progressive goes further and seeks to exclude Morrill's more detailed account of the origin and case of the fire and his explanation of the alleged solenoid end cap failure. The deposition reveals that this "expansion" resulted from a direct question from Progressive's counsel during the deposition, "[w]hat are your conclusions regarding the cause and origin of the fire that we're involved with today?" (Morrill Deposition at 48). Morrill's explanation does not deviate from the root cause of the alleged solenoid end cap failure and subsequent alleged arcing events that lead to the fire. Id. at 48-51. Following that exchange, Progressive's counsel asked "[w]hy did this solenoid end cap fail?" (Id. at 51). He then answered that question. To this Court, it does not appear that Morrill expanded his report during his deposition. His basis for his opinion of the origin and cause of the fire remained the same. In regards to his explanation of why the solenoid end cap failed that opinion requires expertise in automotive mechanics. In Monaco's Opposition to the present motion, they seem to advance Morrill as an expert in automotive mechanics as well. (Record Document 44 at 5). His deposition indicates that he has qualified as an expert in automotive mechanics before. (Morrill Deposition at 13-14). His curriculum vitae indicates that prior to specializing in origin and cause of fires "[h]e spent three years as an equipment and automotive mechanic." (Record Document 40-4 at 2). In addition, "[s]ince 1993, Mr. Morrill has given expert testimony in both civil and criminal proceedings involving origin and cause as well as automotive mechanics." Id. Morrill never indicated during his deposition that he was not qualified to opine on this point. Therefore, this Court is satisfied that Morrill can offer his opinion as to why the solenoid cap allegedly failed.

In conclusion, the Court finds that Progressive has failed to demonstrate that the "factual basis, data, principles, methods, or their application" underlying Morrill's proposed testimony has been "called sufficiently into question" under Rule 702. Kumho Tire Co., Ltd., 526 U.S. at 149, 119 S.Ct. at 1175. Instead, the Court finds that Morrill's testimony, as a whole, has a sufficiently reliable basis in the knowledge and experience of relevant discipline. See id. Morrill's expert testimony will be subjected to vigorous cross-examination and, presumably, the presentation of contrary evidence. See Daubert, 509 U.S. at 596, 113 S.Ct. at 2798 ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment . . . ."). Thus, the Court concludes that Morrill's

qualifications and the reliability and relevance of his proposed expert testimony stand on the showing made in the record.

Accordingly,

**IT IS ORDERED** that the "Motion to Exclude Proposed Testimony of Jeffrey T. Morrill" (Record Document 40) filed by Plaintiffs Progressive Security Ins. Co., as Subroge of Scott Jones, and Scott Jones be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 14th day of September, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE